# In the United States Court of Federal Claims RECEIVED

## OFFICE OF SPECIAL MASTERS

No. 97-518V
(Filed: March 6, 2001)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

JOHN HENRY HERKERT, by HANS J.
HERKERT, Father and Next Friend,

        Petitioner,

    v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

        Respondent.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**NOT TO BE PUBLISHED**



## DECISION

**HASTINGS,** *Special Master.*

    This is an action seeking an award under the National Vaccine Injury Compensation Program. 42 U.S.C. § 300aa-10 et seq. Petitioner Hans J. Herkert, the father and legal guardian of John Henry Herkert, seeks an award, alleging that as result of John Henry Herkert's having received a DTaP vaccination, he contracted acute transverse myelitis (TM) by immunomodulation, causing the cytomegalovirus (CMV) from which he had been recovering to become newly virulent. A hearing on entitlement was held on September 24, 1999, and the special master previously assigned to this case published her decision on January 19, 2000. In that decision, it was determined that John Henry Herkert was entitled to reasonable compensation for his medical condition. Subsequent to that determination, the case was transferred to the undersigned for a determination of the compensation issues.[1]

    During my involvement in this matter, numerous status conferences were conducted, including an in-person status conference at the U.S. Court of Federal Claims, Office of Special Masters, in Washington, D.C. Each of the relevant compensation issues were discussed, and the final positions of the parties were made clear. In short, this child has significant lifelong medical conditions that must be addressed by this decision. However, contributing positively to the processes

---

[1] The case was informally assigned to me, for mediation purposes, in February of 2000. The case was formally assigned to me on February 1, 2001.

employed in this case was the fact that both parties submitted life care plans that were fair and reasonable and both plans very similarly approximated the types and levels of care that John Henry required. That being said, the parties, having provided me with the necessary relevant information to reach a decision, have referred the case to me for final resolution of the types and amounts of compensation, including the form of the award.

Upon review of the entire record, I conclude as follows:

1. Petitioner shall be awarded a lump sum of $98,358 for past medical expenses for John Henry Herkert.

2. John Henry Herkert's legal guardian shall also be awarded a lump sum in the amount of $254,978 in the form of a check payable to the legal guardian for John Henry Herkert to compensate for immediate medical expenses.

3. The legal guardian of John Henry Herkert shall also be awarded a lump sum in the amount of $250,000 in the form of a check payable to the legal guardian for John Henry Herkert, to compensate for pain and suffering.

4. The legal guardian of John Henry Herkert shall also be awarded a lump sum in the amount of $446,266 for one-time non-recurring expenses, including both medical expenses and home modifications, in the form of a check payable to the legal guardian for John Henry Herkert.

5. Petitioner shall also be awarded a lump sum in the amount of $239,000 in the form of a check payable to petitioner and petitioner's attorney, Daniel Donnelly, for attorneys' fees and costs. In accordance with General Order Number 9, the parties have informed me that no out of pocket expenses were incurred by petitioner in proceeding on this petition.

6. Petitioner shall also be awarded a lump sum in the amount of $657,870, in the form of a check payable to petitioner and the Westchester County, New York, Department of Social Services, for the provision of past medical services, care, and treatment for John Henry Herkert. This amount will satisfy any present lien against John Henry Herkert, or his estate, for the care provided by the above agency.

7. Petitioner shall also be awarded a lump sum in the amount of $72,531, in the form of a check payable to petitioner and the Putnam County, New York, Department of Social Services, for the provision of past medical services, care, and treatment for John Henry Herkert. This amount will satisfy any present lien against John Henry Herkert, or his estate, for the care provided by the above agency.

8. On account of John Henry's future unreimbursable medical expenses, respondent shall also expend an amount sufficient to purchase from a qualified life insurance company, and take ownership of, an annuity contract providing annual payments, as described in the sub-paragraph

below, for the benefit of John Henry Herkert. The annuity payments are to be paid to the legal guardian of John Henry Herkert.

    a.    The payments shall be made annually, on or about February 6 of each year, in the amount set forth below for that year, except that the payment for 2001 shall be made as soon as practicable after the entry of judgment in this case. Beginning in 2019 and for each year thereafter for the remainder of John Henry's life, the payments shall be based upon the amount set forth for 2018, but shall increase at the rate of 4.5%, compounded annually from February 6, 2018.

| Year | Amount |
| --- | --- |
| 2001 | $244,629 |
| 2002 | $243,816 |
| 2003 | $254,788 |
| 2004 | $266,253 |
| 2005 | $251,154 |
| 2006 | $262,456 |
| 2007 | $274,266 |
| 2008 | $286,608 |
| 2009 | $299,506 |
| 2010 | $312,983 |
| 2011 | $201,118 |
| 2012 | $210,168 |
| 2013 | $219,626 |
| 2014 | $229,509 |
| 2015 | $228,767 |
| 2016 | $239,062 |
| 2017 | $249,820 |
| 2018 | $250,019 |

9. Finally, respondent shall also expend an amount sufficient to purchase from a qualified life insurance company, and take ownership of, an annuity contract making annual payments as described in the sub-paragraph below, for the benefit of John Henry Herkert.

    a.    For future lost wages, beginning on February 6, 2011, an annual amount of $33,596, increasing at the rate of 4.0 percent (%), compounded annually from February 6, 2011, such payments to continue through and including the year 2046, in which John Henry reaches age 53. The payments, however, may discontinue at John Henry's death if he dies prior to February 6, 2046.

10. The periodic payments from the above annuities shall be provided to the legal guardian of John Henry Herkert in annual installments. The legal guardian will continue to receive payments

for the benefit of John Henry Herkert until John Henry Herkert reaches his eighteenth birthday. Thereafter, payments shall be made to John Henry Herkert, or his designee. Written notice to respondent shall be provided by the representative of John Henry's estate within twenty (20) days in the event of John Henry's death.

11. The Life Insurance Company providing the annuity benefits for John Henry Herkert must have a minimum of $100,000,000 capital and surplus, exclusive of any mandatory security valuation reserve. The Life Insurance Company must also have one of the following ratings from two of the following rating organizations:

a. A.M. Best Company: A+, A+g, A+p, A+r, or A+s;

b. Moody's Investor Service Claims Paying Rating: Aa3, Aa2, Aa1, or Aaa;

c. Standard and Poor's Corporation Insurer Claims-Paying Ability Rating: AA-, AA, AA+, or AAA;

d. Duff & Phelps Credit Rating Company Insurance Company Claims Paying Ability Rating: AA-, AA, AA+, or AAA.

12. Within 90 days of the date of judgment, a duly authorized guardian will be appointed for John Henry Herkert under the laws of the State of New York, and will so serve until John Henry reaches the age of eighteen.

Accordingly, my Decision is that a Program award shall be made to petitioner at this time, in the manner and amount described above.

Payments made pursuant to paragraphs one and five shall be made as soon as possible after entry of judgment.

In the absence of a timely motion for review filed pursuant to Appendix J, Rules of the United States Court of Federal Claims, the Clerk of the Court is directed to enter judgment in accordance herewith.

George L. Hastings, Jr.
Special Master